**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CAROL FOUNTAIN, | ) CASE NO. 1:20-cv-02389-JMS-DML |
| Plaintiff, | ) |
| v. | ) |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.  Parties and Representatives**

  A.  **Plaintiff:**     Carol Fountain

    **Defendant:**    Wal-Mart Stores East, LP

    **Plaintiff's Counsel:**  Matthew E. Dumas
               HOSTETTER & ASSOCIATES
               515 N Green Street, Suite 200
               Brownsburg, IN  46112
               317-852-242-2313
               Fax:317-852-3748
               Email: matt@hostetterlegal.com

    **Defendant's Counsel:** Robert B. Thornburg
               FROST BROWN TODD LLC
               201 N Illinois Street, Suite 1900
               PO Box 44961
               Indianapolis, IN  46244-0961
               317-237-3826
               Fax: 317-237-3900
               Email: rthornburg@fbtlaw.com

  Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.   **Jurisdiction and Statement of Claims**

    A.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

    B.   Plaintiff suffered bodily injury at a Walmart store operated by the Defendant. An employee of the Defendant negligently operated a shopping cart within the store causing the Plaintiff's injuries (a broken hip).

    C.   Defendant's Claim: Walmart Stores East, LP denies that it or its associates were negligent and contends that plaintiff's fault caused or contributed to cause the incident and her injuries and contests the nature and extent of plaintiff's injuries.

III.   **Pretrial Pleadings and Disclosures**

    A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before November 13, 2020.

    B.   Plaintiff shall file preliminary witness and exhibit lists on or before November 13, 2020.

    C.   Defendant shall file preliminary witness and exhibit lists on or before November 25, 2020.

    D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before January 15, 2021.

    E.   Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before November 13, 2020. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto by December 11, 2020.

> Sec. III E. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.

    F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 15, 2021. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before October 15, 2021; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before October 15, 2021.

    G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures

are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before 120 days prior to trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before November 15, 2021.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").  The parties do not anticipate there will be much, if any ESI discovery in this case.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.** **Discovery[1] and Dispositive Motions**

At this time, no dispositive motions are anticipated. All discovery shall be completed by December 31, 2021.

**V.** **Pre-Trial/Settlement Conferences**

The parties have had some preliminary settlement discussions and recommend a settlement conference in January or February 2021.

**VI.** **Trial Date**

The parties request a trial date in February 2022. The trial is by jury and is anticipated to take 2-3 days.

**VII.** **Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

**VIII.** **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

     3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

     4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| HOSTETTER & ASSOCIATES | FROST BROWN TODD LLC |
| By: */s/ Matthew E. Dumas* | By: */s/ Robert B. Thornburg* |
| Matthew E. Dumas, #24596-49 | Robert B. Thornburg, #19594-02 |
| HOSTETTER & ASSOCIATES | FROST BROWN TODD LLC |
| 515 N Green Street, Suite 200 | 201 N Illinois Street, Suite 1900 |
| Brownsburg, IN  46112 | PO Box 44961 |
| matt@hostetterlegal.com | Indianapolis, IN  46244-0961 |
| *Attorney for Plaintiff* | rthornburg@fbtlaw.com |
| | *Attorney for Defendant* |

__x__ PARTIES APPEARED BY COUNSEL ON **October 27, 2020**, FOR AN INITIAL PRETRIAL CONFERENCE. APPROVED

_____ AS SUBMITTED.

__x__ APPROVED AS AMENDED.

_____ APPROVED AS AMENDED PER SEPARATE ORDER.

_____ APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____ APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____ THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ .

_____ A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____ ; OR

_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ____ ) _____ ; OR

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ____ ) _____ .

_____ DISPOSITIVE MOTIONS SHALL BE FILED BY

__x__ NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **December 31, 2021.**

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 10/28/2020

                                               Debra McVicker Lynch
                                               United States Magistrate Judge
                                               Southern District of Indiana